AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

| | |
|---|---|
| United States of America<br><br>v.<br><br>NICHOLAS ALLEN GROVES<br><br><br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>) |

Case No.
      5:19-mj-1138-PRL

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ November 6, 2019 _____ in the county of _____ Marion _____ in the

_____ Middle _____ District of _____ Florida _____ , the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. Sec. 922(g)(1) | Possession of a firearm affecting commerce by a convicted felon |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

Sworn to before me and signed in my presence.

Date: _____ 11/07/2019 _____

City and state: _____ Ocala, Florida _____

_____
*Judge's signature*

Philip R. Lammens, U.S. Magistrate Judge
*Printed name and title*

**STATE OF FLORIDA**                       **MDFL CASE NO. 5:19-mj-1138-PRL**

**COUNTY OF MARION**

<u>**AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT**</u>

I, Shawn Newsom, being duly sworn, do hereby depose and state the

following:

<u>INTRODUCTION</u>

1.      I am a Senior Special Agent with the Bureau of Alcohol, Tobacco,

Firearms and Explosives (ATF), United States Department of Justice, and have been

so employed for more than eighteen years.  I have conducted numerous federal

investigations involving federal firearms and narcotics violations.  I am a graduate of

the Federal Law Enforcement Training Center and the ATF National Academy.

2.      I make this affidavit in support of a criminal complaint charging the

defendant, NICHOLAS ALLEN GROVES (GROVES), with a violation of 18

U.S.C. § 922(g)(1), possession of a firearm affecting commerce by a previously

convicted felon.

3.      This affidavit is based upon my investigation in this case as well as the

efforts of other state and federal criminal investigators.  As this affidavit is intended

to show only that there is sufficient probable cause for the requested criminal

complaint, it does not set forth all of my knowledge about this matter.

<u>BACKGROUND INFORMATION ON GROVES</u>

4.      GROVES is a previously convicted felon, prohibited from possessing

either firearms or ammunition under federal law.  Using GROVES's unique

identifiers (name, date of birth, social security number, etc.), I conducted a criminal

history records check and determined that GROVES has a 2012 felony conviction in

the Circuit Court for Garrett County, Maryland, Case No. 11-K-11-4718. I have

obtained copies of court records from that case. These records consist of: (1) the

Criminal Information (charging document); (2) the Application for Statement of

Charges (with an incorporated factual synopsis); (3) the Statement of Charges

(describing the felony offense of conviction and the 25-year maximum penalty); and

(4) a Probation/Supervision Order (listing the offense of conviction and the resulting

multi-year prison sentence imposed by the court).

     5.     Specifically, the Criminal Information shows that GROVES was

charged by Maryland prosecutors with the criminal offense of Assault—First Degree.

The type of offense (a felony) and the maximum penalty (25 years) both are

described on the front page of the charging document, directly below the offense.

The factual summary included with the Application for Statement of Charges

describes a May 2011 incident during which GROVES threatened another individual

with a handgun. The Statement of Charges lists the offense of conviction (Assault—

First Degree) and the associated maximum penalty (25 years). The document also

contains GROVES's unique identifiers (full name, date of birth, race, sex, contact

information, etc.). Finally, the Probation/Supervision Order reflects the offense of

conviction (Assault—First Degree); the disposition date (April 30, 2012); the length

of the sentence imposed (9 years in the Department of Corrections, consisting of 18

months in the Garrett County Jail with the remaining prison sentence suspended);

and a term of probationary supervision to follow (3 years). Importantly, GROVES signed the Probation/Supervision Order below a paragraph certifying that he had read the terms of supervision described in the document. GROVES also wrote his date of birth in a corresponding block adjacent to his signature. This date of birth matches the one I used to research his prior felony record. Based on these documents, as well as the length of his prison sentence, GROVES certainly was aware that he had been convicted in a court of a crime punishable by a term of imprisonment in excess of one year (a felony offense).

6.      On November 1, 2019, I contacted the Maryland Parole Commission about GROVES and his prior felony conviction, described above. After examining their records, a representative from that commission informed me that GROVES never has had his civil right to keep and bear firearms restored by any sort of executive clemency.

<u>GROVES'S UNLAWFUL POSSESSION OF FIREARMS</u>

7.      On November 6, 2019, ATF agents executed a federal search warrant (MDFL Case No. 5:19-mj-1136-PRL) at GROVES's residence—a two-story structure consisting of a garage and an upstairs apartment located on SW 16th Avenue, Ocala, Marion County, Florida 34473. State of Florida driver and vehicle records previously had confirmed that GROVES owns a pickup truck with this same address on the registration. Aerial surveillance also had confirmed GROVES's pickup truck outside the structure.



*GROVES's pickup truck outside the two-story garage/apartment.*

8.      Inside the garage/apartment, agents found a number of items substantiating that GROVES lives at this address.  Among the recovered items were: (1) Veterans Administration documentation with GROVES's name and address; (2) GROVES's wallet containing his credit cards, library card, VFW card, and an identification card with his name, photograph and date of birth; (3) SunTrust banking information; and (4) a U.S. Postal Service change of address confirmation in GROVES's name with the same address as the search warrant location.   There was no indication that anyone else lived at the residence with GROVES.  Some of these items showing GROVES's proof of residency are depicted below (with certain personal information redacted):

4



*GROVES's wallet (with identification card) and his VA paperwork.*





*GROVES's change of address form.*

As agents looked around the apartment, they discovered only male clothing

consistent with GROVES's physical stature. An image from a closet containing such

clothing is provided below:

6



*A closet filled with male clothing at GROVES's residence.*

9.      Agents also located firearms and ammunition throughout the entire residence.  As a prohibited person, GROVES could not possess these items under federal law.   Among the firearms recovered inside of GROVES's residence were an assortment of long guns, shotguns, and rifles (including an AR-15 and an AK-47):



GROVES also had possession of handguns, including semi-automatic pistols and revolvers. One of them, a Smith and Wesson M&P .45 caliber pistol, is depicted below:



*The Smith and Wesson pistol.*

10.    Agents recovered hundreds of rounds of assorted ammunition throughout GROVES's residence. The ammunition included several 40mm smoke and parachute rounds. While the exact quantity has not yet been determined, the total amount of recovered ammunition filled a tote that is approximately 2x2x3 feet in size.

## INTERSTATE NEXUS EXAMINATION

11.    ATF Interstate Nexus Expert Special Agent Justin Mace has examined the recovered Smith and Wesson pistol described above. Based upon his

8

examination of the markings on the firearm, SA Mace has determined that the Smith and Wesson pistol was manufactured in Springfield, Massachusetts.   Therefore, it has crossed a state line prior to its recovery in the Middle District of Florida and has affected interstate commerce.



*Markings showing the place of manufacture – Springfield, Massachusetts.*

<u>ARREST OF GROVES</u>

12.     Following the discovery of firearms and ammunition at GROVES's residence, agents arrested him on November 6, 2019, at a location in Marion County for the offense described above.

## CONCLUSION

13.     Based on the foregoing, I respectively submit that there is probable
cause to believe that GROVES has committed a violation of 18 U.S.C. § 922(g)(1).
Accordingly, I respectfully request that the Court issue this criminal complaint
charging him with that offense.

This concludes my affidavit.

Philip R. Lammens
United States Magistrate Judge

10